

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7167 | **DATE** | April 8, 2002 |
| **CASE TITLE** | Trondent Development Corp. v MCI Worldcom Communications, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, plaintiff's motion to remand is denied and defendant's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 0 9 2002 date docketed | |
| | Notified counsel by telephone. | | | 14 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| GDS | courtroom deputy's initials | 02 APR -8 PM 3:07 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRODENT DEVELOPMENT CORP., a )
Delaware corporation, )
)
Plaintiff, )
) No. 01 C 7167
v. )
) Judge Robert W. Gettleman
MCI WORLDCOM COMMUNICATIONS, INC., )
a Delaware corporation, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Trodent Development, Corp., filed a suit against defendant, MCI WorldCom Communications, Inc. in the Circuit Court of Cook County, Illinois, alleging unilateral mistake coupled with fraud, mutual mistake, violation of Illinois Consumer Fraud and Deceptive Business Practices Act under 815 ILCS 505/2, and breach of contract. Defendant removed the case to this court, asserting that plaintiff's claims are preempted by the Federal Communications Act of 1934 (Act), 47 U.S.C. § 151 *et seq.* Plaintiff filed an amended complaint, attempting to plead around the Act. Defendant then moved to dismiss all counts of the amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In plaintiff's response to defendant's motion to dismiss, Plaintiff has moved to remand to state court. For the following reasons, defendants' motion to dismiss is granted, and plaintiff's motion to remand is denied.

**BACKGROUND**

For purposes of a motion to dismiss, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of plaintiff. See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423 (7th Cir. 1996). The complaint alleges

that in November and December of 1999, a representative of defendant spoke with the president of plaintiff in an attempt to sell telecommunication services. On or about December 13, 1999, both parties signed a contract and an addendum, which stated, among other things, that defendant would provide two years of long distance telephone services to plaintiff, and that plaintiff would receive four months of line and usage credit. On our about December 15, 1999, defendant's representative contacted plaintiff again and asked that plaintiff sign another contract. Plaintiff alleges that defendant misrepresented the second contract as identical to the first one. The second contract, however, did not contain an addendum providing for the four months of line and usage credit, but did provide that the rates were those contained in defendant's "Price Guide" (i.e., the tariffed rates). Further, the second contract contained a merger clause, absent from the first contract.

Plaintiff did not receive credit for four months of the line and usage charges upon the expiration of the two year contract. As a result, plaintiff lost $79,000. Plaintiff claims that defendant knew that the contract did not provide for four free months of line and usage charges, but made oral and written misrepresentations during phone conversations, e-mails, in the addendum, and in the first contract. Plaintiff claims that the second contract contained technical and confusing language, and that plaintiff did not negotiate or review the contract with the aid of counsel. At the time that Plaintiff signed both contracts and until January 31, 2001, the rates provided by the defendant were regulated by the filed tariffs under the Federal Communications Act of 1934, 47 U.S.C. § 151 *et seq.* As of that date, the Federal Communications Commission ("FCC") ordered all telecommunication carriers to cancel the tariffs for domestic services. Plaintiff claims that because the second year of the two year contract was performed after the

2

tariffs were canceled, plaintiff is entitled to the value of credits not received during the second year of the contract from December 2001 to January 2002.

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1978 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would plaintiff's allegations entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

## DISCUSSION

### I. Plaintiff's Motion to Remand.

Plaintiff requests that this court remand the case to state court because the "filed tariff doctrine" of the Federal Communications Act does not apply to the second year of its contract with defendant. Plaintiff is incorrect. Under the filed tariff doctrine, every common carrier was required to file tariffs with the FCC, showing all charges and regulations affecting such charges. 47 U.S.C. § 203(a), AT&T v. Central Office Telephone, Inc., 524 U.S. 214, 221-222 (1998). The Act made it unlawful for a carrier to "extend to any person any privileges or facilities in such communication, or employ or enforce any classifications, regulations, or practices affecting such charges, except as specified in such schedule." § 203(a). While the filed tariff doctrine was harsh, it was strictly applied regardless of the carrier's motive. Id. at 222, Maislin Industries, U.S., Inc. v. Primary Steel, Inc., 497 U.S. 116, 127, 130-131 (1990). Thus, even if a carrier

3

intentionally misrepresented its rate and the customer relied on the misrepresentation, the carrier could not be held to the promised rate if it conflicted with the published tariff. 524 U.S. at 223. In the instant case, the alleged misrepresentations regarding the rates were made in November and December of 1999. The contract was signed in December of 1999. The tariffs were still in effect when the representations regarding the rates were made, and the timing of the service provided is irrelevant.

As defendant correctly argues, because the tariff, once filed, was the equivalent of a federal regulation, a suit to invalidate it as unreasonable arises under federal law, and any contractual claim is preempted by federal law. Cahnmann v. Sprint Corp., 133 F.3d 484, 489 (7th Cir. 1998). Plaintiff's attempt to distinguish Cahnmann fails. Plaintiff claims that the filed tariff doctrine is inapplicable in the instant case because its complaint deals with a service "which is no longer a tariffed service." Cahnmann, however, states that "even reasonable reliance on a carrier's representation will not allow a suit complaining about the representation to be litigated under state law if the representation concerns a tariffed service." 133 F.3d at 490. Because the representations in the instant case were made in 1999, while the tariffs governing the rates charged to plaintiff were in effect, those representations concerned tariffed services. Because federal law therefore preempts plaintiff's contract claims, its motion to remand is denied.

## II. Plaintiff's Claims are Barred Under the Filed Tariff Doctrine.

Plaintiff argues that it reasonably relied on defendant's alleged misrepresentations of its rates that varied with the tariff of which plaintiff was unaware. Under the filed tariff doctrine,

4

however, plaintiff may not claim reasonable reliance because it is presumed to have knowledge of the tariff. The court is persuaded by the reasoning of <u>WorldCom Network Services, Inc. v. UMG Communications Groups</u>, 1998 U.S. Dist. LEXIS 9270, 1998 WL 341830 (N.D.Ill. 1998), in which the court stated that any promise of a rate lower than the tariff may not serve as the basis for a cause of action. 1998 U.S. Dist. LEXIS 9270 at *8. Defendant was legally obligated to charge plaintiff the rates reported in the filed tariffs, and neither an intentional nor accidental misstatement of the applicable published rate can be enforced against it. <u>See</u> <u>Arkansas Louisiana Gas Co. v. Hall</u>, 453 U.S. 571, 582 (1981). Thus, because the rates were described in filed tariffs, the filed tariff doctrine holds that plaintiff may not maintain a cause of action based on contract, fraud or mistake, even if defendant misrepresented its rates. Because under the filed tariff doctrine plaintiff is charged with notice of the tariffs, plaintiff cannot argue that its reasonable reliance on the contract is a question of fact not properly resolved on a motion to dismiss.

Plaintiff further argues that the instant action should not be dismissed on equitable grounds, and that an exception should be made to relieve plaintiff from the consequences of the filed tariff doctrine. Plaintiff states that, as the small business that it is, it should not be expected to familiarize itself with the complexities of voluminous documents. The court rejects this argument based on <u>Maislin</u>, in which the Supreme Court refused to make exceptions despite the harsh effects of the uniform application of the doctrine, noting that the customer's knowledge of the tariffs is conclusively presumed. <u>Maislin</u>, 497 U.S. at 128.

Finally, plaintiff argues that the de-tariffing clause would activate the addendum to the first contract and the first contract itself. The court disagrees. The second contract contains a

5

merger clause, which voids the first contract. Plaintiff is attempting to avoid the fact that its president did not read or understand the second and final contract. That, however, is not a proper ground for its breach of contract claim. Thus, under the de-tariffing clause, the written terms of the final contract, which incorporates the tariffed rates in defendant's Price Guide governs the transaction. Further, with respect to plaintiff's claims for fraud and mistake, because the tariffs were in effect at the time the parties entered into the contract, the tariff, and not any representations made by defendant's salespeople, determined the terms of the contract. Plaintiff's claims for mistake, fraud and breach of contract are therefore precluded by the filed tariff doctrine.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand is denied, and defendant's motion to dismiss is granted.

**ENTER:** April 8, 2002

Robert W. Gettleman
United States District Judge